UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: LAPEER AVIATION, INC.

CARL JENNINGS et al.

    Appellants,

v.

    Civil Case No. 22-10511
    Honorable Linda V. Parker

LAPEER AVIATION, INC,    Bankruptcy Case No. 21-31500

    Appellee.
_____

### OPINION & ORDER DENYING APPELLANTS MOTION FOR LEAVE TO FILE BANKRUPTCY APPEAL

Debtor Lapeer Aviation, Inc. ("Debtor LAI") filed a Chapter 11 petition for bankruptcy on November 5, 2021. (ECF No. 1 at Pg ID 8.) Appellants in this case, Carl Jennings, Christopher Lewis, Ron Keil, and Betty Keil ("Appellants"), moved to dismiss Debtor LAI's Chapter 11 bankruptcy filing for lack of corporate authority to file and bad faith. Mot., *In re Lapeer Aviation Inc.*, Case No. 21-bk-31500 (Bankr. E.D. Mich. filed Dec. 22, 2021), ECF No. 36 at 10. On January 28, 2022, the bankruptcy court denied Appellants' motion to dismiss. Order, *id.* (filed Jan. 28, 2022), ECF No. 60. On February 22, 2022, the bankruptcy court denied Appellants' timely filed motion for reconsideration. Order, *id.* (filed Feb. 22, 2022), ECF No. 74.

Presently before the Court is Appellants' Motion for Leave to File Bankruptcy Appeal. (ECF No. 1.) Appellants assert that they are entitled to an appeal as of right pursuant to 28 U.S.C. § 158(a)(1), or in the alternative, should be granted leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3). (*Id.* at Pg ID 11-12.) On March 22, 2022, Debtor LAI filed a response maintaining that the appeal should be denied for lack of jurisdiction. (ECF No. 3.) For the reasons stated hereafter, the Court denies Appellants' Motion for Leave to File Bankruptcy Appeal, as the appeal should proceed as of right.

## BACKGROUND

This case arises from Debtor LAI's Chapter 11 bankruptcy filing. The case is a companion matter to the appeal of a separate bankruptcy filing by Debtor CG Acquisitions ("Debtor CGA"), an affiliate of Debtor LAI. *See Jennings et al., v. CG Acquisitions LLC*, Case No. 22-10510 (E.D. Mich. filed March 9, 2022). The appellants in *Jennings* similarly moved to dismiss Debtor CGA's bankruptcy filing, and then sought reconsideration of the bankruptcy court's denial of their motion. They have similarly moved to appeal the bankruptcy court's orders.

The bankruptcy court did not provide its reasoning for denying the motion to dismiss. Order, *In re Lapeer Aviation, Inc., et al,* Case No. 21-bk-31500 (E.D. Mich. filed Jan. 28, 2022), ECF No. 60. It did so in its decision denying the motion for reconsideration, however. Order, *id.* (filed Feb. 22, 2022), ECF No. 74.

2

The bankruptcy court ultimately held that, pursuant to a stock purchase agreement, Debtor LAI was purchased, and therefore is owned by, Debtor CGA. *Id.* at 2. Because Debtor CGA is member operated, and it is undisputed that there is no operating agreement, the bankruptcy court looked to the Michigan Limited Liability Act to determine who had the authority to file for bankruptcy. *Id.* at 4. The bankruptcy court concluded that Gene Kopzcyk ("Kopzcyk") was the sole member of Debtor CGA because of Appellant Lewis' transfer of rights to Appellant Jennings; and therefore, he alone had the corporate authority to file bankruptcy on behalf of the two entities. *Id.* In making this determination, the court relied on Michigan Compiled Laws § 450.4505(4), which provides that "a member ceases to be a member when the member's entire membership interest is assigned."[1]

## ANALYSIS

Appeals from cases originating in the bankruptcy courts are governed by 28 U.S.C. § 158(a). The Court has jurisdiction to hear appeals of bankruptcy cases

---

[1] Per Michigan Compiled Laws § 450.4505(2), it was not necessary for Kopczyk to obtain Jennings' consent after the transfer because "an assignment of a membership interest does not of itself entitle the assignee to participate in the management and affairs of a limited liability company or to become or exercise any rights of a member. An assignment entitles the assignee to receive, to the extent assigned, only the distributions to which the assignor would be entitled."

and proceedings from "final judgments, orders, and decrees," "interlocutory orders and decrees issued under section 1121(d) of title 11," and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a).  The relevant inquiry before the Court today is whether Appellants are appealing a final or interlocutory order, and if interlocutory, whether the Court should grant leave to appeal.

The Sixth Circuit recently provided that a bankruptcy court order is immediately appealable under 28 U.S.C. § 158(a)(1) "if it is (1) 'entered in [a] ... proceeding' and (2) 'final'—terminating that proceeding." *In re Jackson Masonry, LLC*, 906 F.3d 494, 499 (6th Cir. 2018), *aff'd sub nom. Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020).  A "proceeding" for purposes of a bankruptcy appeal "is a discrete dispute within the overall bankruptcy case . . . a case within a case." *Id.* at 500 (internal citations omitted).  The "finality" of a bankruptcy order

> . . . is determined first and foremost by whether it alters the status quo and fixes the rights and obligations of the parties.  Additionally, courts should look to whether the order completely resolves all substantive litigation within the proceeding.  In a nutshell, a bankruptcy order is final if it is both procedurally complete and determinative of substantive rights.

*Id.* at 501 (internal citations and quotations omitted).

In their Motion for Leave to File Bankruptcy Appeal, Appellants assert that "the order [denying their motion to dismiss] dispose[s] of a discrete dispute" and

4

that "[t]his is a threshold issue, the outcome of which dictates whether the bankruptcy case itself proceeds." (ECF No. 1 at Pg ID 12.) In response, Debtor LAI cites to *In re Lane,* where the Sixth Circuit Bankruptcy Appellate Panel concluded that the bankruptcy court's denial of the motion to dismiss should not be deemed final for purposes of an appeal as of right. *In re Lane,* 591 B.R. 298 (B.A.P. 6th Cir. 2018).

In *In re Lane,* despite the apparent agreement between the parties at the confirmation hearing, creditors filed a pro se motion to dismiss disputing whether ". . . the Debtor's Chapter 13 Plan Proposal was confirmable under The Bankruptcy Code 11 U.S.C. § 1325." *Id*. at 301. In denying the motion to dismiss, the bankruptcy court noted that the confirmation order had not been appealed and thus constituted a final order. *Id*. As such, "[t]he issues raised by the Creditors as to whether the Plan should have been confirmed [were] waived." *Id*. The creditors filed a notice of appeal. *Id*.

In making its determination that the motion to dismiss was not final, the BAP applied the following analogy:

> A bankruptcy case is like a jigsaw puzzle, and the claims against the bankrupt debtor are the pieces. To complete the puzzle, one must start by putting some of the pieces firmly in place.

*Id.* at 302 (quoting *In re Jackson Masonry, LLC,* 906 F.3d at 498) (internal quotations omitted). The BAP recognized that "in general, denying a creditor's

5

motion to dismiss hardly leaves nothing to be done--the case remains pending with many decisions for the court to make during the life of a typical case." *Id*. at 303 (internal quotations omitted). However, the court further recognized:

> . . . the concept of finality,[] is applied flexibly in bankruptcy proceedings because the usual model of a two-party dispute in a civil action does not quite fit: finality concepts that easily apply to lawsuits typically brought in the district courts do not readily translate into the more far reaching proceedings that characterize bankruptcy cases which more closely resemble sprawling events that are made up of smaller, discrete proceedings.

*Id.* The court ultimately reasoned that ". . . the [creditor's] motion, which sought dismissal of the entire case, did not aim to lock-in a mere piece of the puzzle but instead proposed to sweep the puzzle off the table" entirely. *Id*. at 302. The motion to dismiss was ". . . not itself preclusive on any issues because it simply enforced the preclusive effect of the confirmation order, which was no longer appealable given the passage of time." *Id*. at 304. As such, it was not a final order within the meaning of 28 U.S.C. § 158(a)(1). *Id*. at 305. However, the court did note that ". . . it is certainly conceivable that different factual circumstances surrounding a motion to dismiss might lead to a different decision about the finality of an order denying the motion." *Id*. at 305.

In *In re Dan Mazzola, Inc.*, the Sixth Circuit BAP was confronted with just those factual circumstances. *In re Dan Mazzola*, *Inc*., No. 19-8007, 2019 Bankr. LEXIS 1553 (B.A.P. 6th Cir. May 20, 2019). In that case, the court distinguished

6

the facts before it from those in *In re Lane*, noting that in *In re Dan Mazzola, Inc.*, the dispute centered upon ". . . an important piece of the puzzle . . . one that sets the parties substantive rights and will play a crucial role in the remainder of the bankruptcy case." *Id.* at 5.

In *In re Dan Mazzola, Inc.*, the parties disputed the applicability of the franchise agreement between them as it pertained to the debtor's Chapter 11 bankruptcy proceedings. *Id*. The creditor in that case filed a motion to dismiss, arguing that the franchise agreement between him and the debtor had been terminated pre-petition and as such, there was no possibility of reorganization. *Rockne's Inc. v. Dan Mazzola, Inc.* (*In re Dan Mazzola, Inc.*), No. 19-8007, 2020 Bankr. LEXIS 238, at *7 (B.A.P. 6th Cir. Jan. 28, 2020). The debtor objected to the motion, arguing that the creditor ". . . did not have grounds to terminate the Franchise Agreement and that reorganization was possible." *Id*. The BAP found that the determination regarding the applicability of the franchise agreement in dispute was ". . . not only final, [but] if the case proceeds without an appeal, it will be unreviewable until plan confirmation, when [the creditors] would be required to object to plan confirmation on the same basis or lose its opportunity to appeal all together. It is exactly the kind of puzzle piece which should be locked in place." *In re Dan Mazzola, Inc.*, 2019 LEXIS 1553 at *5.

7

The same scenario is found in the case before the Court today.  In the present appeal, the contested matter is whether Kopczyk had the requisite corporate authority to file bankruptcy on behalf of both Debtor LAI and Debtor CGA.  Similar to *In re Dan Mazzola, Inc.,* the determination regarding Kopczyk's corporate authority is procedurally complete and determinative of Appellants' substantive rights.  Plainly, the determination of this issue will dictate whether the bankruptcy case proceeds.  As the panel put it in *In re Dan Mazzola, Inc.,* this ". . . is exactly the kind of puzzle piece which should be locked in place." *Id.*

## CONCLUSION

For the reasons stated, the Court holds that the order on appeal is final for purposes of 28 U.S.C. § 158(a).  Therefore, leave to appeal is not required and an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) is not applicable.

Accordingly,

**IT IS ORDERED** that the Appellants Motion for Leave to Appeal Bankruptcy Court Order (ECF No. 1) is **DENIED.**  The appeal shall proceed as of right.

                                                s/ Linda V. Parker  
                                                LINDA V. PARKER  
                                                U.S. DISTRICT JUDGE

Dated: November 21, 2022